IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT F. DELYON,

                              Plaintiff,                          ORDER

        v.
                                                                 07-C-291-C
WAL-MART STORES, INC.,

                              Defendant.

---

        This is a civil rights lawsuit in which plaintiff alleges racial discrimination against defendant, his former employer.  Before the court is defendant's second motion to compel discovery, to which plaintiff has not responded in any fashion.  I am granting the motion and shifting costs.

        On August 7, 2007, this court granted defendant's first motion to compel responses to these same discovery requests, answers that were due not later than July 6, 2007, *see* dkt. 10. This court also ordered plaintiff and counsel to pay defendant's motion costs by October 1, 2007 (*see* dkt. 13), but according to defendant, plaintiff and his attorney have not paid, *see* Motion To Enforce Court Order, dkt. 17.

        On November 7, 2007, defendant filed its second motion to compel plaintiff to provide answers to defendant's first set of discovery demands, along with a brief in support.  *See* dkts. 14 - 15.  Defendant also moved to extend the summary judgement motion deadline from November 30 to December 30 due to plaintiff's failure to provide discovery.  *See* dkt. 16 Pursuant to the preliminary pretrial conference order, plaintiff's response to all of these motions was due by November 13, 2007.  It is now November 16, 2007 and no response has been filed.

Back in August, I warned plaintiff:

> So far, defendant has received nothing from plaintiff and his lawyer has been *incommunicado*.  Plaintiff has taken the same no-response approach with the court, failing to respond to defendant's motion to compel as directed in the preliminary pretrial conference order.
>
> Plaintiff's lack of participation in his case is troubling.  Failing to respond to interrogatories or respond to informal requests to do so is inconsiderate and demonstrates a lack of respect both for defendant and the seriousness with which this court treats its cases.  Plaintiff had better step up and start playing ball or risk a court-declared forfeit.

Dkt. 10 at 1.

According to defendant's unopposed narrative of events, plaintiff and his attorney did not take this warning to heart. In response to the court's order, in mid-August (the date is not included on the unsigned document), plaintiff sent defendant some information but did not verify his answers.  For the most part, plaintiff referred defendant back to the WERD file; for other inquiries, plaintiff reported that he had made tapes of interviews but he could not find them; he had filed tax returns but could not find them; he had attempted to mitigate his damages by sending out 50 job applications but did not keep them (other than "several letters of rejection"); he was aware of only one additional witness beyond those identified to the WERD; that he had periods of self-employment in the past ten years but provided no details, other than that he has lost $50,000 since termination; and that he had not sought treatment for injuries resulting from defendant's alleged unlawful termination.  *See* dkt. 12 (also found at dkt. 14, Exh. 3).  On August 27 defendant's attorney sent plaintiff's attorney a letter asking for supplementation of RFPs 9, 10, 12, 13, 15, 16 and 17, and Interrogatories 1 - 4, 6, 9, 10, 12

2

and 14-16, for reasons explained. *See* dkt. 14, Exh. 4. On September 5, 2007, defendant sent a follow-up letter asking for plaintiff's response to the first letter, and asking again for plaintiff's signed releases. *Id.*, Exh. 5.

But plaintiff did not respond in any fashion. Plaintiff still has not provided defendant with executed information releases, nor has he offered any objection to any of defendant's requests or any explanation for his failure to communicate with opposing counsel. Even so, I will not grant defendant's motion merely because it is unopposed. I am granting it, to the extent there is responsive information still left to be disclosed, because defendant is entitled to this information in this lawsuit.

This court cannot order plaintiff to disclose documents that he does not have, but as defendant points out, plaintiff cannot simply say that he "lost" relevant documents. He has an obligation actively to attempt to find the documents or replicate them. It is not defendant's obligation to do plaintiff's legwork for him: plaintiff brought this lawsuit alleging serious malfeasance by defendant and its employees; he cannot just toss such allegations into a civil complaint and then act as if his work on the case is done. It is his obligation to recover and disclose the missing information, if it still exists. If the information no longer exists, or if plaintiff cannot find it and recover it, then the court will fashion an appropriate remedy that prevents plaintiff from pursuing allegations for which he has misplaced material evidence.

As for the unreturned information releases, plaintiff appears to be claiming damages for emotional distress, lost back pay and lost front pay. Therefore, defendant is entitled to review, in confidence, plaintiff's medical records, records relating to unemployment compensation, and

3

plaintiff's tax returns.   That said, this court never has and never will *compel* a civil litigant to disclose his medical, psychological or personal counseling (that is, emotional or domestic relations counseling, not job or financial counseling) records against his will.  But if a litigant declines to produce such records when they are relevant to his case, then the court will excise from the lawsuit any claims, evidence or argument to which such records are relevant.

Tax, financial and employment records, while still sensitive, are not in the same category as medical records and the like.  Therefore, a party does not have the option of declining to produce such records if they are relevant to his lawsuit.  Failure to produce them would result in additional sanctions beyond simply excising these topics from the lawsuit.

Additionally, in this case, the court already has ordered plaintiff to provide all of the requested discovery.  Here we are, three months later, and plaintiff has not yet provided releases first requested in June, and plaintiff remains in violation of the court's order, despite being warned that failure to comply could result in dismissal.  This court often dismisses lawsuits when parties repeatedly flout their discovery obligations, but  I am not going to recommend this sanction today.  This is plaintiff's final opportunity to comply with this court's orders and with his general discovery obligations in this case.  Failure to fulfill his obligations shall result in dismissal.

Finally, if plaintiff and his attorney fail to obey this court's previous order to pay the costs associated with defendant's first discovery motion, then they will be summoned to court and ordered to show cause why they should not both be held in contempt.  If the court finds contempt, then plaintiff and his attorney face an even harsher array of sanctions.

I urge plaintiff and his attorney to get their act together and to treat this lawsuit with the seriousness it deserves.  Racial discrimination is a scourge that must be exposed and expunged wherever it exists.  It is incumbent upon a party making such serious charges to treat them with the gravity they merit by backing up his allegations with all relevant evidence that will allow the truth to surface.

ORDER

It is ORDERED that:

(1)   Plaintiff must serve complete supplemental responses to defendant's discovery requests not later than noon on November 26, 2007.

(2)  Plaintiff must provide signed releases as requested by defendant not later than noon on November 26, 2007.  If plaintiff declines to release his medical, psychological or personal counseling records, then by November 26, 2007 he must provide defendant with a signed statement so stating.

(3) Not later than November 26, 2007, plaintiff and his attorney must obey this court's August 31, 2007 order and pay  $1181 in motion costs to defendant's attorneys.

(4)  Pursuant to Fed. R. Civ. P. 37(a)(4), plaintiff must pay the reasonable attorney fees and costs incurred by defendant in bringing this motion.  Defendant may have until November 26, 2007 within which to submit an itemization of expenses incurred presenting its motion. Plaintiff may have until December 3, 2007 within which to object to the reasonableness of the claimed expenses.

5

(5) Defendant's deadline for filing a motion for summary judgment is extended to January 2, 2008.  Plaintiff's must file and serve any response not later than January 16, 2007. Defendant may have until January 25, 2007 within which to reply.  There shall be no extensions of these new deadline.

Entered this 16th day of November, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge