IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT F. DELYON,

                    Plaintiff,                      ORDER

                                                    07-C-291-C

    v.

WAL-MART STORES, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This is a civil rights lawsuit in which plaintiff alleges racial discrimination against defendant, his former employer. Before the court is defendant's motion to dismiss this lawsuit with prejudice because plaintiff has failed to comply with this court's discovery orders. Although defendant filed this motion on November 28, 2007, plaintiff has never responded to it in any fashion. I conclude that plaintiff essentially has abandoned his lawsuit and in the process has defied this court's orders. Accordingly, I am dismissing this lawsuit with prejudice, I am shifting costs on defendant's second motion to compel and I am providing plaintiff and his attorney one last chance to pay defendant's motion costs before scheduling a contempt hearing.

        On January 26, 2007, plaintiff filed this employment discrimination lawsuit against defendant in the Circuit Court for Oneida County. On May 24, 2007, defendant removed

the case to this court. Defendant served its discovery requests on plaintiff on June 5, 2007, prior to the June 19, 2007 preliminary pretrial conference.

At this conference plaintiff appeared by attorney Michael F. Roe. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it. The court set November 30, 2007 as the deadline for filing dispositive motions and advised the parties that they were to undertake discovery in a manner that allowed them to make or respond to dispositive motions within the scheduled deadlines. The court set a discovery cutoff of March 14, 2008. The court advised the attorneys that they were required to attempt to resolve any discovery disputes quickly and in good faith, and that failure to do so could result in cost shifting and sanctions under Rules 37(a)(4) and 37(b)(2). The court set this case for a three or four day jury trial starting April 14, 2008.

Plaintiff never responded to defendant's June 5, 2007 discovery requests or responded to follow-up inquiries from defendant's attorney. On July 20, 2007, defendant filed a motion to compel, to which plaintiff did not respond. On August 7, 2007, this court granted the motion and shifted costs, observing that

> So far, defendant has received nothing from plaintiff and his lawyer has been <u>incommunicado</u>. Plaintiff has taken the same no-response approach with the court, failing to respond to defendant's motion to compel as directed in the preliminary pretrial conference order.

> Plaintiff's lack of participation in his case is troubling. Failing to respond to interrogatories or respond to informal requests to do so is inconsiderate and demonstrates a lack of respect both for defendant and the seriousness with which this court treats its cases. Plaintiff had better step up and start playing ball or risk a court-declared forfeit.

August 7, 2007 Order, dkt. #10, at 1.

Defendant timely submitted an itemized bill for $1181. Plaintiff did not respond in opposition. This court shifted these costs to plaintiff and his attorney jointly and severally, and ordered payment by October 1, 2007. See Aug. 31, 2007 Order.

Thereafter, plaintiff did provide some additional discovery but fell far short of providing what defendant had requested. Defendant pointed out these continued deficiencies to plaintiff's attorney but never received any additional information.

On November 7, 2007, defendant filed its second motion to compel, seeking the same information this court had ordered plaintiff to provide. Defendant also reported that it had not yet received the $1181 due from plaintiff and his attorney by October 1, 2007. Plaintiff did not respond to this motion in any fashion.

On November 16, 2007, this court granted defendant's second motion to compel, concluding that plaintiff's discovery responses had been inadequate and plaintiff had no excuse for having failed to respond to defendant's requests to supplement these responses. The court stated:

> [T]he court already has ordered plaintiff to provide all of the requested discovery. Here we are, three months later, and plaintiff has not yet provided releases first requested in June,

3

>and plaintiff remains in violation of the court's order, despite being warned that failure to comply could result in dismissal. This court often dismisses lawsuits when parties repeatedly flout their discovery obligations, but I am not going to recommend this sanction today. This is plaintiff's final opportunity to comply with this court's orders and with his general discovery obligations in this case. Failure to fulfill his obligations shall result in dismissal.
>
>Finally, if plaintiff and his attorney fail to obey this court's previous order to pay the costs associated with defendant's first discovery motion, then they will be summoned to court and ordered to show cause why they should not both be held in contempt. If the court finds contempt, then plaintiff and his attorney face an even harsher array of sanctions.
>
>I urge plaintiff and his attorney to get their act together and to treat this lawsuit with the seriousness it deserves. Racial discrimination is a scourge that must be exposed and expunged wherever it exists. It is incumbent upon a party making such serious charges to treat them with the gravity they merit by backing up his allegations with all relevant evidence that will allow the truth to surface.

See Nov. 16, 2007 Order, dkt. #18, at 4-5.

The court set a deadline of November 26, 2007 for plaintiff to complete his disclosures and to pay the expenses of defendant's first motion to compel. The court also shifted costs against plaintiff a second time. Defendant timely submitted an itemized bill for $3,762 in expenses occurred seeking relief. Plaintiff did not respond, and this request remains pending.

Plaintiff did not provide additional discovery, he did not respond to defendant's new cost-shifting request and he did not pay the $1181. On November 27, 2007, defendant filed

a motion to dismiss this lawsuit based on plaintiff's repeated failure to provide discovery and to obey the court's orders. Plaintiff never responded to this motion in any fashion.

Pursuant to Fed. R. Civ. P. 37(b)(2)(C) (renumbered 37(b)(2)(A)(v) on December 1, 2007), as well as this court's inherent authority, this court may dismiss an action for failure to obey a discovery order. Dismissal is a harsh sanction that a trial court should employ only when there is a record of delay or contumacious conduct. Greviskes v. Universities Research Assn., Inc., 417 F.3d 752, 758-59 (7th Cir. 2005). In this case, we have both. Notwithstanding two pointed warnings from the court, plaintiff has avoided providing the discovery necessary to measure the truth of his serious allegations. Plaintiff has failed to participate in any meaningful way in his own lawsuit. Along the way, he has repeatedly flouted court orders. Therefore, he has earned the sanction of dismissal with prejudice. See also Maynard v. Nygren, 372 F.3d 890, 893 (7th Cir. 2004)(outlining factors militating toward dismissal as a discovery sanction).

This leaves defendant's second request for cost-shifting. See dkt. #19. I am reducing defendant's $3762 claim to $1500. I conclude that six hours at $250/hour is sufficient to compensate defendant for the costs incurred in making its motion. I am excluding counsel's August 21 and September 5, 2007 activity from the equation because these were expenses incurred attempting to communicate with opposing counsel, not making the motion. This new assessment brings the total owed by plaintiff and his attorney to $2682. I will allow plaintiff and his attorney until March 7, 2008 to pay this amount to defendant's attorneys.

5

If they fail to do so, then defendant promptly should notify the court, which will schedule a contempt hearing at which plaintiff and his attorney both must be present in person.

ORDER

It is ORDERED that:

(1) Defendant's request for cost-shifting on its second motion to compel discovery is GRANTED IN PART and DENIED IN PART: plaintiff and his attorney are jointly and severally liable to pay $1500 to defendant's attorneys as reasonable fees incurred in making this motion;

(2) Not later than March 7, 2008, plaintiff and his attorney shall pay to defendant's attorneys this $1500 in motion expenses as well as the $1182 in motion expenses that this court previously ordered plaintiff and his attorney to pay; and

(3) Defendant's motion to dismiss this lawsuit with prejudice is GRANTED. The clerk of court is directed to enter judgment closing this case.

Entered this 5th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge